UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

MICHAEL PATRICK MCINERNEY
and JEANIE ANN MCINERNEY,

    Debtors.
_____/

JAMES W. BOYD,

    Plaintiff,

v.

HSBC BANK NEVADA, N.A.,

    Defendant.
_____/

BANKRUPTCY CASE NO. 11-7322

ADVERSARY PROCEEDING NO. 12-80083

CASE NO. 1:12-cv-999

HON. ROBERT J. JONKER

## **ORDER**

    This case comes before the Court on Report and Recommendation from the Bankruptcy Court for the Western District of Michigan (Docket # 1-1). Plaintiff James W. Boyd ("Plaintiff"), the Trustee in this matter, filed a complaint to avoid a lien conveyed by Debtors Michael and Jeanie McInerney ("Debtors") to Defendant HSBC Bank Nevada, N.A. ("Defendant"), pursuant to 11 U.S.C. §§ 544(a) and 547. Defendant failed to answer the complaint, and Plaintiff subsequently filed a motion for entry of a default judgment against Defendant. The Bankruptcy Court held a hearing on August 17, 2012 to address Plaintiff's motion, but Defendant did not appear. The Bankruptcy Court's Report and Recommendation followed.

In its Report and Recommendation, the Bankruptcy Court concluded that default judgment against Defendant was appropriate, and that the complaint constituted a core matter under 11 U.S.C. § 157(b)(2). (Docket # 1-1, at 1.) Relying on the Supreme Court's recent decision in *Stern v. Marshall*, ___ U.S. ___, 131 S. Ct. 2594 (2011), however, the Bankruptcy Court concluded it lacked the constitutional authority to enter a final judgment in this matter and therefore submitted its Report and Recommendation to this Court for the entry of judgment. (*Id.*)

After reviewing the Bankruptcy Court's Report and Recommendation and the record below, the Court grants Plaintiff's motion for default and voids Defendant's security interest in the 2008 Yamaha Motorcycle, VIN #JYAVP27EX8A000426, as recommended by the Bankruptcy Court. (*Id.*) While the Court acknowledges the uncertainty *Stern* created regarding the constitutional authority of bankruptcy courts to enter final judgment in certain proceedings, the Court does not believe *Stern* affects the Bankruptcy Court's authority to enter a default judgment in this action. However, it is undisputed the Court has jurisdiction to enter judgment in this matter, and the Bankruptcy Court's reference of the matter to the Court does not constitute reversible error. *Cf. In re Burkman Supply, Inc.*, 217 B.R. 223, 223 (W.D. Mich. 1998) ("[T]he fact that the bankruptcy judge in this matter took the additional step and submitted this matter to the Court by way of a report and recommendation does not constitute reversible error."). Therefore, in order to resolve this matter in an expeditious, efficient, and cost-effective manner, the Court adopts the Bankruptcy Court's recommendation to enter judgment in favor of Plaintiff.

**IT IS SO ORDERED**. The Clerk of Court shall enter Judgment.

Dated:   October 18, 2012            /s/ Robert J. Jonker
                                     ROBERT J. JONKER
                                     UNITED STATES DISTRICT JUDGE